IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Nathaniel Green, o/b/o Gladys Holmes Green, | ) ) ) | C/A No. 0:20-4104-PJG |
| Plaintiff, | ) ) | **ORDER ON PLAINTIFF'S APPEAL FROM THE SOCIAL SECURITY ADMINISTRATION'S DENIAL OF SOCIAL SECURITY BENEFITS** |
| v. | ) ) ) | |
| Andrew Saul, Commissioner of the Social Security Administration, | ) ) ) | ☒ Affirmed |
| Defendant. | ) ) ) | ☐ Reversed and Remanded |

   This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action on behalf of the deceased claimant pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the claimant's claims for social security benefits.

**Part I—Plaintiff seeks on behalf of the deceased claimant:**

☒  Supplemental Security Income ("SSI"): Claimant's age at filing: <u>58</u>

☒  Disability Insurance Benefits ("DIB"): Date last insured: <u>December 31, 2017</u>

☐  Other:

Application date: <u>January 17, 2013</u>

Claimant's Year of Birth: <u>1954</u>

Claimant's alleged onset date: <u>January 4, 2013</u>

**Part II—Social Security Disability Generally**

   Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); <u>see also</u> <u>Blalock v. Richardson</u>, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. <u>Id.</u>

   A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a <u>prima facie</u> case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); <u>see also</u> <u>McLain v. Schweiker</u>, 715 F.2d 866, 868-69 (4th Cir. 1983); <u>Hall v. Harris</u>, 658 F.2d 260, 264-65 (4th Cir. 1981); <u>Wilson v.

Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

### Part III—Administrative Proceedings

Date of ALJ Decision:  May 10, 2019

On March 29, 2018, this matter was previously remanded for further consideration of Claimant's right shoulder capsulitis.  On remand, the ALJ first determined that the period in question is January 4, 2013 (the alleged onset date) through April 30, 2016 (the day before Claimant was previously found to be entitled to DIB).  In applying the requisite five-step sequential process, the ALJ further found:

Step 1:     Claimant was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:     ☒ Claimant has the following severe impairments:
status post cerebellar vascular accident (CVA); diabetes mellitus; osteoarthritis of the right shoulder; and morbid obesity(20 CFR 404.1520(c) and 416.920(C)).

☐ Claimant does not have a severe impairment.

Step 3:     ☒ Claimant's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:     Claimant's Residual Functional Capacity is as follows:

[F]rom January 4, 2013 to April 30, 2016, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the following additional limitations:  frequently climbing ramps and stairs; never climbing ladders, ropes, or scaffolds; avoiding concentrated exposure to hazards; and frequently reaching overhead with the right upper extremity.

☐ Claimant could return to his/her past relevant work.

Step 5:     ☐  Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Claimant is not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Claimant has no past relevant work, but there are jobs in the national economy that Claimant can perform, as follows:

a hand packager (DOT #920.587-018;medium; SVP 2; with 28,000 jobs available in the national economy); a dish washer (DOT #318.687-010; medium, SVP 2; with 100,000 jobs available in the national economy); and an assembler (DOT #806.684-010; medium; SVP 2; with 100,000 jobs available in the national economy).

Date of Appeals Council decision:  September 24, 2020

### Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Brown

v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issue for Judicial Review**

The ALJ did not explain h[er] findings regarding the [Claimant's] residual functional capacity, as required by Social Security Ruling 96-8p.

**Oral Argument:**

☐ **Held on** _____.

☒ **Not necessary for disposition.**

**Summary of Reasons**

**A.     Residual Functional Capacity Generally**

A claimant's residual functional capacity is "the most [a claimant] can still do despite [her] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting her conclusions with respect to a claimant's residual functional capacity. Further, "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)) (alterations in original); see also Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016).

**B.     Right Shoulder**

As indicated above, this matter was previously remanded for further consideration of Claimant's shoulder capsulitis because "the ALJ disregarded evidence that Plaintiff could not afford physical therapy for her shoulder pain despite evidence that she had been compliant with earlier recommendations for physical therapy for other conditions." (Tr. 647.)  The court further found the ALJ erred in minimizing Claimant's credibility by finding that Claimant failed to avail herself to care available to indigent individuals; however, there was "no evidence that any such charitable care was available to [Claimant], particularly in light of the fact that Plaintiff is from a small, rural community."  (Id.)  Accordingly, the court determined that "the ALJ's error was prejudicial as proper consideration of [Claimant]'s alleged shoulder injury may warrant a[n] RFC of less than medium work with restrictions."  (Id.)  On remand, the ALJ found that Claimant's osteoarthritis of the right shoulder was a severe impairment and limited Claimant to medium work with frequent reaching overhead with the right upper extremity.

Plaintiff appears to contend that the ALJ's finding that Claimant could frequently reach overhead with the right upper extremity did not sufficiently account for Claimant's shoulder impairment.  As indicated above, on remand, the ALJ found that Claimant's osteoarthritis of the right shoulder was a severe impairment.  In evaluating Claimant's residual functional capacity, as to Claimant's right shoulder impairment, the ALJ first observed the testimony of Claimant's husband that he helped Claimant with household chores such as washing dishes and that Claimant suffered a second stroke and developed right shoulder pain.  The ALJ acknowledged that (1) in May 2013, Claimant reported shoulder pain and subsequent x-rays were negative; (2) in May and June 2014, Claimant saw Gregory Lonscak, FNP, for right shoulder pain and was prescribed Tramadol, which improved her pain; (3) in September 2014, Claimant saw Rosalind Dawson,

M.D., for osteoarthritis of the right shoulder and underwent a right shoulder injection, receiving temporary relief; and (4) Claimant did not undergo prescribed physical therapy for her right shoulder and had limitation in terminal abduction, as well as in internal and external rotation. (Tr. 563.)  The ALJ concluded that

> [Claimant's] physical exams were routinely unremarkable aside from slightly reduced strength in her left leg and slightly reduced range of motion in her right shoulder.  In addition, her husband reported that she was able to help out around the house with chores such as dishwashing.  As a result, the undersigned finds that the claimant's condition was consistent with her ability to perform a limited range of medium work, as defined above, during the period in question.  Any residual pain from her osteoarthritis of the right shoulder is accommodated by the limitation for her to frequently reach overhead with her right upper extremity.

(Tr. 564.)

As to this evaluation of the evidence, Plaintiff challenges the ALJ's statement that Claimant was able to do the dishes, citing Claimant's husband's testimony that he washed the dishes.  (See Pl.'s Br. at 14, ECF No. 18 at 14) (citing Tr. 584-85).  Plaintiff also directs the court to records indicating reports of right shoulder pain and right arm pain (Tr. 315, 468, 484, 486); limitation in right shoulder range of motion (Tr. 512); reports of limited use of her right shoulder (Tr. 104), lack of feeling in her right hand and arm (Tr. 306), restricted use of her right arm and hand (Tr. 315, 318), reduced driving, dish washing, and mopping (Tr. 321, 340); and difficulties getting dressed (Tr. 321).  Further, Plaintiff argues that the ALJ incorrectly focused on Claimant's pain improvement without distinctly considering her limitations in range of motion which Plaintiff contends did not improve.  (See Tr. 512) (finding in December 2014, Claimant had "limitation in terminal adduction" and "a substantial limitation of internal and external rotation").

Upon careful review of the ALJ's decision and the records and testimony, the courts finds that Plaintiff has failed to demonstrate that the ALJ's ultimate residual functional capacity assessment at to Claimant's right shoulder limitations is unsupported by substantial evidence.  The

ALJ clearly considered the majority of the records upon which Plaintiff relies and determined that limiting Claimant to frequent reaching sufficiently accounted for her impairment and pain. The ALJ does appear to have misconstrued the testimony of Claimant's husband, which actually stated that he "had to help [Claimant] with a lot of things around the house . . . . I washed the dishes, I cleaned the house - - well, I basically, I was doing about everything, yeah." (Tr. 584-85.) Further, Plaintiff has directed the court to a single record stating that Claimant had "a substantial limitation of internal and external rotation" in December 2014. (Tr. 512.) However, these two issues alone are insufficient to render the residual functional capacity assessment unsupported by substantial evidence. See Biestek, 139 S. Ct. at 1154 ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations.") (citation omitted). In fact, despite continued medical care, other than the record in December 2014, no other records suggest any shoulder limitations, much less that her rotation limitations continued. Accordingly, the court is constrained to affirm this matter on this issue.

C.     **Memory and Concentration**

Plaintiff next challenges the ALJ's evaluation and consideration of Claimant's memory and concentration issues. Plaintiff appears to argue that the ALJ cherry-picked the records and erred in finding that these issues did not constitute a severe impairment and in failing to further limit Claimant's residual functional capacity.

Step Two of the sequential evaluation requires the ALJ to "consider the medical severity of [a claimant's] impairment(s)." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The claimant bears the burden at this step to show that she has a severe impairment. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). A severe impairment is one that "significantly limits [a claimant's]

physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" means "the abilities and aptitudes necessary to do most jobs." Examples of these include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1522(b), 416.922(b). "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (internal quotation marks omitted).

At Step Two, the ALJ found that Claimant's status post cerebral vascular accident (CVA), diabetes mellitus, osteoarthritis of the right shoulder, and morbid obesity were severe impairments, but that Claimant's benign hypertension, cataracts, degenerative joint disease of the left knee, status post breast cancer and mastectomy, acute renal failure, metastatic lung/bone disease, and questionable TIA with reduced memory were nonsevere. (Tr. 561.)

As to Claimant's memory and concentration, the ALJ specifically observed that Claimant's "questionable TIA with reduced memory resulted in some temporary memory and concentration issues, which resolved quickly. (Exhibit 15F)." (Tr. 561.) Later in the decision, the ALJ repeatedly observed that "[i]n June 2013, Dr. Meehan indicated that the claimant had returned to her baseline in regard to her cognitive functioning and weakness from her CVA. She also reported that she was doing better regarding forgetting things . . . ." (Tr. 563; see also Tr. 564, 565.)

Plaintiff argues that the ALJ failed to consider records documenting Claimant's memory problems and inability to follow instructions with regard to her medications. For example, Plaintiff points to records indicating that Claimant had an inability to pay attention to advised medications, that medication compliance and understanding had been an ongoing issue, that she was using the wrong strip with her glucometer on one occasion, that she needed reminders to take her medications, she had a hard time remembering things and looked to her husband for answers, and that she previously testified about forgetting food on the stove and to turn off running water and about difficulty understanding instructions. (Pl.'s Br. at 18-19, ECF No. 18 at 18-19) (citing Tr. 461, 469, 481, 107, 109, 270, 298, 300, 302). Plaintiff also points to a record almost four months after the relevant period suggesting Claimant may have a degree of dementia. (See Tr. 985-86.) However, upon review of the ALJ's decision, the record as a whole in this matter, and the evidence cited by Plaintiff, the court finds that the ALJ did not cherry-pick the record. In fact, the ALJ acknowledged Claimant's allegations as to memory and concentration issues, but she simply found the record as a whole did not support additional limitations. Plaintiff's ability to point to some contrary records in support of his position is insufficient to render the ALJ's finding unsupported by substantial evidence.

Accordingly, while Plaintiff may dispute the ALJ's determination at Step Two and the ultimate residual functional capacity, he has failed to demonstrate that the ALJ's findings are unsupported by substantial evidence. None of the evidence cited by Plaintiff is sufficient to render the ALJ's evaluation of Claimant's alleged problems with memory and concentration unsupported. Thus, the court finds that remand is not warranted on this issue.

### C.     Summary

Finally, Plaintiff contends that the ALJ erred in failing to sufficiently explain how the ALJ arrived at restrictions to account for all of Claimant's severe impairments. Plaintiff appears to suggest that in light of Claimant's numerous impairments, additional limitations that would further reduce Claimant from performing medium work would be warranted and that the ALJ's explanation fails to include a function-by-function assessment of Claimant's abilities. However, careful review of the ALJ's decision reveals that the ALJ considered the testimony of Claimant's husband, her alleged impairments, and the treatment records. Further, she explained the weight she accorded this evidence and how she arrived at her residual functional capacity assessment. Many of Plaintiff's arguments suggest a different interpretation and possible explanation for this medical evidence, which is contrary to the substantial evidence standard of review that this court is bound to apply at this stage in the proceedings. See, e.g., Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]").

**ORDER**

☒     **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐     **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐     **Reversed and remanded for an award of benefits.**

IT IS SO ORDERED.

_____
September 30, 2021                             Paige J. Gossett
Columbia, South Carolina                UNITED STATES MAGISTRATE JUDGE